546 A.2d 1127

**Martin PSAKI, Appellant,**

v.

**Darlene FERRARI and Joseph Grosso, Appellees.**

Superior Court of Pennsylvania.

Argued April 7, 1988.

Filed July 25, 1988.

Reargument Denied Sept. 16, 1988.

James Cunilio, Bryn Mawr, for appellant.

Before WIEAND, McEWEN and BECK, JJ.

WIEAND, Judge:

The issue in this appeal is whether a judgment for money damages will support a lis pendens filed against real estate which is owned by a stranger to the judgment and which is not the subject of any pending litigation. The trial court held that a lis pendens filed under such circumstances was improper. We agree and affirm.

Martin Psaki commenced a civil action against Darlene Ferrari and Joseph Grosso to recover unpaid loans in the amount of $99,408. When Ferrari and Grosso failed to file an answer to the complaint, Psaki, on July 25, 1985, caused a default judgment to be entered against them. Thereafter, on October 30, 1985, Psaki caused a lis pendens notice to be indexed against real estate owned by William A. Koepke at 680 Wetherly Lane, Devon, Chester County. Title to this

real estate had been acquired by Koepke from Ferrari by deed dated March 5, 1985 and thereafter recorded in the Office of the Recorder of Deeds in and for Chester County. When Koepke, in turn, agreed to sell the real estate to a third person, he was compelled to place in escrow the sum of $110,000 in order to obtain a release of the lis pendens. This sum was deposited with the Prothonotary pending final determination of the validity of the lis pendens. The court thereupon, by order dated July 8, 1986, cancelled the lis pendens. After further proceedings, the trial court held that the lis pendens had been improperly indexed against Koepke's real estate and ordered a return of the $110,000 to him. Psaki appealed.

Strictly speaking, the effect of a lis pendens is not to establish an actual lien upon the property affected. Its purpose is merely to give notice to third persons that the real estate is subject to litigation and that any interest which they may acquire in the real estate will be subject to the result of the action. *Dice v. Bender,* 383 Pa. 94, 97, 117 A.2d 725, 726–727 (1955). Lis pendens has no application except in cases involving the adjudication of rights in specific property. *Shannon v. Barrett,* 65 Pa.D & C.2d 446, 448–449 (Del.Co.1974). Thus, a party is not entitled to have his case indexed as lis pendens unless title to real estate is involved in litigation. Lis pendens may not be predicated upon an action seeking to recover a personal demand. 54 C.J.S. Lis Pendens § 11. See: *Fesler v. Bran–Kel, Inc.,* 62 Del.Co.R. 422, 424 (1974). When a personal demand is reduced to judgment, of course, it becomes a lien, without more, on real estate which is owned by the judgment debtor. *In re Upset Sale, Tax Claim Bureau of Berks County,* 505 Pa. 327, 334, 479 A.2d 940, 943 (1984). See also: 42 Pa.C.S. § 4303(a). In such event, the filing of a lis pendens is unnecessary.

The judgment recovered by appellant against Ferrari was not a lien against the real estate which Koepke had earlier acquired from Ferrari. This real estate, moreover, was not at any relevant time the subject of an action to

adjudicate rights of ownership therein.[1]   Therefore, the attempt to index a lis pendens against the real estate owned by William Koepke was a nullity and subject to cancellation. Koepke was not appellant's judgment debtor and was never a party to the proceedings in which the default judgment had been entered.   To permit a lis pendens under these circumstances would be to permit a person holding a judgment to place a cloud against the title to real estate owned by any other person, whether or not a party to the judgment, merely by filing a praecipe.   This is not the law.

The order of the trial court is affirmed.

---

1. Lis pendens cannot be used to assert a claim that a conveyance of real estate has been made in fraud of the grantor's creditors.  Such a claim must first be made in an equity action to set aside the conveyance.