# Century 21 Daystar Inc. v. Phillips

*Kevin J. Kelleher,* for plaintiff.
*Jerry A. Snyder,* for defendants.

DAVISON, *J.,* April 10, 1990 — Presently before the court is defendant's motion to strike a lis pendens. For the reasons hereinafter specified, we are obliged to conclude that the lis pendens should be stricken.

The facts are relatively simple. Plaintiff was the real estate broker in an earlier agreement to sell the subject premises and, when the transaction was not completed, filed this suit for its commission and caused a lis pendens to be entered against the subject premises.

Defendant's counsel correctly argues that recent case law dictates that a lis pendens may only be indexed when title to the real estate itself is involved in a suit. *U.S. Bank in Johnstown v. Johnson,* 506 Pa. 622, 487 A.2d 809 (1985); *Paull v. Paull,* 389 Pa. 16, 131 A.2d 599 (1957). Further light is shed by virtue of the opinion of the Honorable Donald E. Wieand, speaking for a three-judge panel of the Superior Court in *Psaki v. Ferrari,* 377 Pa. Super. 1, 546 A.2d 1127 (1988):

"Strictly speaking, the effect of a lis pendens is not to establish an actual lien upon the property

affected. Its purpose is merely to give notice to third persons that the real estate is subject to litigation and that any interest which they may acquire in the real estate will be subject to the result of the action. *Dice v. Bender,* 383 Pa. 94, 97, 117 A.2d 725, 726-7 (1955). Lis pendens has no application except in cases involving the adjudication of rights in specific property. *Shannon v. Barrett,* 65 D.&C. 2d 446, 448-9 (1974). Thus, a party is not entitled to have his case indexed as lis pendens unless title to real estate is involved in litigation. Lis pendens may not be predicated upon an action seeking to recover a personal demand. 54 C.J.S. Lis Pendens §11."

As in *Psaki,* the case sub judice involves nothing more than the filing of a lis pendens in an attempt to recover a real estate commission. Title or specific rights in the property are not being litigated. Plaintiff is merely attempting to recover commission from a breach of contract, and attempting to leverage its situation. Accordingly, the lis pendens shall be stricken.

In their motion to strike the lis pendens, the defendants request that counsel fees be awarded. While the request is not completely without merit, we are not satisfied that in its present posture the matter warrants the imposition of counsel fees. Therefore, we are obliged to deny defendants' request for counsel fees.

## ORDER

Now, April 10, 1990, for the reasons set forth in the accompanying opinion, it is ordered that the lis pendens is stricken; and it is further ordered that defendants' request for counsel fees is hereby denied.