WRIGHT-PADILLA, J.,
Appellant, Wesley Cascone, appeals from this court’s order denying his motion to set aside sheriff’s sale.
FACTUAL AND PROCEDURAL HISTORY
This case commenced May 31,2013, with the filing of the US Bank National Association, as Trustee’s (“appellee”)[1] tax claim seeking to sell the premises of 2021 East Susquehanna Avenue, Philadelphia, Pennsylvania, free and clear of all liens and encumbrances due to delinquent real estate taxes, pursuant to the Municipal Claim and Tax Lien Act, 53 P.S. § 7101, et seq. See Tax Claim — Petition and Rule, ¶1-11. Said petition sought taxes due and owing beginning for the year 1996 in the amount of $1,314.33. See Exhibit A, Tax Claim — Petition and Rule. At the time of the petition, the record owner was United Hands Community Land Trust,, by deed dated December 15, 1989. See Tax Claim — Petition and Rule, ¶1-11.
On October 4, 2013, appellee filed its affidavit of service upon United Hands Community Land Trust, on September 3, 2013, by posting the premises at 11:39 a.m. See affidavit of service, October 4, 2013.
On October 7,2013, appellee filed its affidavit of service upon United Hands Community Land Trust, on September 20, 2013, by certified mail, return receipt requested, and *499 by regular mail. See affidavit of service, October 7,.2013.
On October 11, 2013, this court granted the petition for rule to show cause and entered judgment in favor of the petitioner in the amount of $1,595.48. See order and decree, October 11,2013. Said order allowed the execution to proceed to sheriff’s sale.
On January 24, 2014, appellee filed its affidavit of service of notice of sale by first class regular mail on January 23, 2014.
On February 20,2014, the property was sold at sheriffs sale to VRTX for $49,000.00. See motion to set aside sheriff’s sale, ¶ 17.
On March 24, 2014, VRTX paid the full purchase price to the sheriff’s department. See motion to set aside sheriff’s sale, ¶ 18.
On July 18, 2014, appellant filed the instant motion to set aside sheriff sale. In the motion, he averred that he has resided at 2020 East Susquehanna Avenue since March, 2007. He owns six other lots and buildings on the block. Appellant also averred that he “maintained possession and control” of the subject property since moving into the neighborhood. On August 19, 2013, appellant filed an action to quiet title[2] to the subject property against United Hands Community Land Trust and all claiming title from it, based on adverse possession.[3] Appellant averred that he also filed a lis pendens on that docket on August 19, 2013. Appellant filed a praecipe for default judgment on *500 March 24, 2014. On May 30, 2014, a deed granting title was issued and recorded on June 3, 2014.[4]
On August 11, 2014, appellee filed an answer in opposition to appellant’s motion, averring that appellant was not served as he failed to properly record his interest with the recorder of deeds pursuant to 53 P.S. § 7193.1, and thus did not have standing to contest the sale. The petition further averred that appellant had been put on constructive notice due to the posting of the property. As a new matter, appellee’s answer averred that the tax information certificate was properly prepared and named all parties with recorded interests in the subject property, and that service had been properly made in accord with said certificate. Additionally, appellee averred that the subject property was posted with notice of the February 20, 2014 sale, and that the sale was advertised by publication. See answer in opposition to motion to set aside.
On October 2, 2014, this court issued a rule to show cause why the requested relief should not be granted.
On October 28, 2014, this court heard argument and evidence on the merits of the case. Appellant argued that the property had not been posted and he had not been adequately served with notice of the sale. N. T. at 13, 63-64. Appellee argued that appellant’s lis pendens and interest had not been indexed or properly recorded with the recorder of deeds and thus he had no standing to contest the sale. N. T. at 16. 65-66. Keith Muhammed, sergeant Bryan Teuber, and Joseph Giglo testified for *501 appellee; appellant, Evelyn Velez, and Kristen Flanagan testified for appellant.
Keith Muhammed (“Muhammed”) testified that he is a process server who posted the property located at 2021 East Susquehanna Avenue with notice of the sale on September 3, 2013. N. T. at 21-23. Muhammed could not recall exactly where he posted the property, but that he had signed the affidavit truthfully and accurately. N. T. at 22-23. Muhammed testified that when a property is fenced, or covered in debris, he finds “the best place” on the fence to affix the packet, and that he uses duct tape. N. T. at 28.
Sergeant Bryan Teuber of the Philadelphia Sheriff’s Office testified that on December 12, 2013, at 8:05 a.m., he posted the subject property with notice of the sheriff’s sale. N. T. at 58-60. He did not recall specifically posting the property, however, to the best of his knowledge, information, and belief he had posted the property per the affidavit. N. T. at 60-62.
Joseph Giglio (“Giglio”) testified that he has been a title clerk for over twenty (20) years. N. T. at 52. He testified that the docket in appellant’s case did not have the line of information stating that a lis pendens had been filed. N. T. at 55-56.
Appellant testified that he lives at 2020 East Susquehanna Avenue, and that he recalled September 3, 2013 because his son moved in with him on that day. N. T. at 30-31. From 9:30 a.m. until approximately 11:30 a.m. he and his son unpacked the car. N. T. at 31. He did not observe anyone posting the property or see a posting on the property at that time. N. T. at 31-32.
Evelyn Velez (“Velez”) testified that she resides at 2031 East Susquehanna Avenue. N. T. at 37-38. Velez stated she *502 is often outside feeding stray cats on the block. N. T. at 38-39. She feeds the cats at least four times a day, at 7:30 a.m., 12:30 p.m., 3:00 p.m. and occasionally at 6:00 p.m. N. T. at 39. She did not recall seeing anything posted on the property on September 3, 2013. N. T. at 39-40.
Kristen Flanagan (“Flanagan”), appellant’s girlfriend, testified that she lived with appellant in September, 2013. N. T. at 41-42. She testified that she helped appellant’s son move into the house, as appellant had left for work in the morning. N. T. at 42-43. She did not see the property posted on that day or hear any noise from her dogs, who ran in the vacant lot. N. T. at 44.
On October 29, 2014, this court denied appellant’s motion to set aside.
On November 10, 2014, appellant filed a motion for reconsideration and argued that, following the October 28, 2014 hearing, appellant’s counsel contacted the prothonotary’s office to determine why the lis pendens did not appear of record and “determined...that the lis pendens had in fact been filed correctly...but the prothonotary incorrectly processed the filing and indexing of it at the time the matter had been initiated.” See motion for reconsideration, ¶ 1 — 12.
On November 13, 2014, this court denied appellant’s motion for reconsideration.
On November 26, 2014, appellant filed a timely notice of appeal to the Commonwealth Court of Pennsylvania.
On December 3, 2014, this court issued its order pursuant to Pa. RAP. 1925(b), directing appellant to file his concise statement of matters complained of on appeal within twenty-one (21) days.
On December 24, 2014, appellant filed his concise *503 statement of matters complained of on appeal, arguing that this court committed an abuse of discretion and error of law when it found that service of the petition for rule to show cause was properly made, and when it found that appellant did not have standing to request that the February 20, 2014 tax sale be set aside.
DISCUSSION
Appellant challenges this court’s denial of his petition to set aside sheriff’s sale.
“Upon petition of any party in interest before delivery of the personal property or of the sheriffs deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.” Pa.R.C.P. 3132; Allegheny Cnty. v. Golf Resort, Inc., 974 A.2d 1242, 1245 (Pa. Commw. Ct. 2009). Equitable considerations govern; thus review is limited to a determination of whether the trial court committed an error of law or abused its discretion. Golf Resort, Inc., 974 A.2d at 1245. The burden of proving circumstances warranting the exercise of the court’s equitable powers is on the applicant; the application may be refused due to “the insufficiency of proof to support the material allegation of the application, which are generally required to be established by clear evidence.” Golf Resort, Inc., 974 A.2d at 1245.
I. TIMELINESS OF PETITION
As a matter of first note, the issue of whether or not appellants’ petition is timely is unclear. Per 53 Pa. C.S. § 7193.3, all parties wishing to contest the validity of sales conducted under 53 P.S. § 7283 of the act, including sufficiency of the notice, must file a petition within three (3) months of the acknowledgement of the deed to the premises by the sheriff.
*504 In the instant matter, the third party-bidder settled with the sheriff’s department on March 20, 2014; appellant’s petition was filed July 18, 2014, more than three (3) months after that date. It is unclear from the pleadings, however, whether the deed was acknowledged on this date or, indeed, if the deed was acknowledged.[5]
Consequently, the parties have not provided sufficient information to determine the timeliness of the petition.
II. STANDING
Appellant argues that this court committed an abuse of discretion and an error of law when it found that he did not have standing to contest the February 20, 2014 tax sale of the property. Per 53 P.S. § 7193.1(a), any person having a lien, claim, or interest upon real property shall register a notice of interest with the department of the city of the first class responsible for collection of tax and municipal claims stating his name, residence and mailing address and a description of the real property in which the person has an interest.
In the instant case the record contains a tax information certificate prepared by appellee which lists all parties with registered notice of interests in the subject property; appellant’s name does not appear properly recorded.
Finally, per 53 Pa. C.S. § 7193.2(b), “no party whose interest did not appear on a title search, title insurance policy or tax information certificate or who failed to accurately register his interest and address pursuant to Section 39.1 of this act shall have standing to complain *505 of improper notice if the city shall have complied with subsection (a) of this section.” As will be discussed further below, based upon the above evidence provided, this court properly found that appellee had complied with the notice requirements of 53 Pa. C.S. § 7193.2(a); and, as appellant’s interest had not been recorded, properly found that he had no standing to contest the sale.
Appellant argues that because he had filed a lis pendens, he had an interest in the property. At the hearing, as discussed above, there was some debate as to whether appellant had properly indexed the lis pendens. Even if he had, however, the only effect of the lis pendens would have been to provide notice to appellee that appellant had filed his action in quiet title. The Pennsylvania Courts have held that the effect of a lis pendens is not to establish an actual lien, but to give notice to third persons that the real estate is subject to litigation and any interest that may be acquired in the real estate will be subject to the result of the action. Psaki v. Ferrari, 377 Pa. Super. 1, 3, 546 A.2d 1127, 1128 (1988); see also Dice v. Bender, 383 Pa. 94, 97, 117 A.2d 725, 726-727 (1955).
Consequently, appellant did not have standing to contest the sale and this court committed neither an abuse of discretion nor an error of law.
III. NOTICE
Finally, appellant avers that this court erred in finding that service of the petition for rule to show cause was proper. Per 53 Pa. C.S. § 7193.2, in cities of the first class such as Philadelphia, service of the petition made be made by: posting a copy of the petition on the most public part of the property; by mailing by first class mail to the address registered by any interested party; by reviewing the tax information certificate that identifies interested parties of record and mail the petition to them by first class mail *506 and by certified mail, return receipt requested. Service of notice shall be deemed accomplished the date of mailing, and the petitioner shall file an affidavit of such service prior to seeking a decree ordering the sale of the premises. 53 Pa. C.S. § 7193.2(a)(l)-(3). The burden is placed upon the claimant to show that they have satisfied the MCTLA’s requirements. City of Philadelphia v. Manu, 76 A.3d 601, 604 (Pa. Cmwlth. Ct. 2013) (citing In re Somerset Cnty. Tax Sale of Real Estate in the Name of Tub Mill Farms. Inc., 14 A.3d 180, 183 (Pa. Cmwlth. Ct. 2010)).
In the instant case, appellee filed its affidavit of service on October 4, 2013, averring that on September 3, 2013, it posted the premises at 11:39 a.m. Additionally, Keith Muhammed testified under oath that he posted the property on September 3, 2013. N. T. at 28. On October 7, 2013, appellee filed its affidavit of service stating that it served notice by certified mail, return receipt requested, and by regular mail, to all interested parties. Further, sergeant Bryan Teuber of the Philadelphia Sheriff’s Office testified that on December 12, 2013, at 8:05 a.m., he posted the subject property with notice of the sheriffs sale. N. T. at 58-60. The sale was also advertised by publication.
Finally, per 53 Pa. C.S. § 7193.2(b), “no party whose interest did not appear on a title search, title insurance policy or tax information certificate or who failed to accurately register his interest and address pursuant to section 39.1 of this act shall have standing to complain of improper notice if the city shall have complied with subsection (a) of this section.” Based upon the above evidence provided, this court properly found that appellee had complied with the notice requirements of 53 Pa. C.S. §7193.2(a); and, as appellant had no interest in the property, he lacked standing to contest the adequacy of notice provided.
*507 CONCLUSION
For all of the reasons stated above, this court’s decision should be affirmed and appellant’s appeal denied.

. Per appellee’s petition, the Philadelphia Authority for Industrial Development (PAID) is a public instrumentality of the Commonwealth of Pennsylvania. By Special Ordinance No. 970168 of June 1997, the City sold a portfolio of delinquent real estate tax liens to PAID, empowering it to recover those taxes, with the City and School District taking the positions of subordinate note holders pursuant to that agreement. See Tax Claim — Petition and Rule, ¶1.

. Cascone v. United Hands Community Land Trust, August Term 2013, No. 1787.

. Appellee’s action was commenced May 31, 2013, two months and thirteen days before appellant’s action to quiet title was filed. Both actions proceeded parallel to each other; appellant’s action to quiet title did not mention the tax action and, at the time that appellee’s action was filed, there was no action to quiet title and no lis pendens indexed of record.

. However, the property had already been sold at sheriff’s sale on February 20, 2014; appellant’s deed was a legal nullity. He claimed title under United Hands Community Land Trust, however, all interest of United Hands extinguished following the sale. See 53 Pa. C.S. § 7281; the purchaser at a sheriff’s sale “takes absolute title to the property sold, free, and discharged of all tax and municipal claims, liens, mortgages, charges, and estates of whatsoever kind, subject only to the right of redemption as provided by law.”

. Appellant’s petition states only the date that the foil purchase price was paid; appellee’s response states that “The third party bidder settled ... on or about March 24, 2014. It is unclear when and [sic] the sheriff’s deed was acknowledged. It is likely the sheriff’s deed was acknowledged the same day.” See answer in opposition to motion to set aside, ¶¶ 21-23.