J-A24027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| NICHOLAS GARGANO AND ALISSA GARGANO | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 944 EDA 2024 |
| TRI-BROS ENTERPRISES, LLC AND CUSTOM CONTRACTORS, LLC, PATRICK LUTZ, PEOPLE'S PROPERTY, LLC AND ADAM POOLER | : | |

Appeal from the Order Entered February 29, 2024
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  C-48-CV-2023-06246

BEFORE:  LAZARUS, P.J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.:                                          **FILED MAY 14, 2025**

Appellants, Nicholas Gargano and Alissa Gargano, appeal from the order entered in the Northampton County Court of Common Pleas, granting the motion of Appellee, Patrick Lutz, to strike the *lis pendens* entered by Appellants, granting Appellee's motion for attorneys' fees, and denying Appellants' motion for attorneys' fees.[1]  We affirm, and grant Appellee's motion for additional counsel fees related to this appeal.

The relevant facts and procedural history of this case are as follows. Appellants initiated the underlying action due to an alleged breach of contract

_____

[1] An order striking a *lis pendens* is a final, appealable order.  ***Iron City Construction, Inc. v. Westmoreland Wooded Acres, Inc.***, 288 A.3d 528, 530 n.6 (Pa.Super. 2023).

for the sale of real estate located at 465 Gail Drive, Nazareth, Pennsylvania. Appellants claimed that they entered into a contract with Appellee Lutz for the purchase of the property, a vacant lot, and a separate construction contract with Appellee Tri-Bros for the construction of a home. The final closing date was scheduled for August 19, 2022, but the parties subsequently failed to close. Following several further delays of the closing date, Appellants did not receive possession of the property.

On August 22, 2023, Appellants initiated the instant action, seeking monetary damages for breach of contract and unjust enrichment. Appellants claimed that they might lose a preferred lending rate through their loan servicer as a result of the alleged breach and averred that they had been paying $1,000.00 biweekly to secure the rate lock. Appellants also raised a claim seeking specific performance and delivery of the subject property at the agreed-upon price. Appellants filed a *lis pendens*[2] simultaneously with the initiation of the action.

After Appellee filed preliminary objections to the complaint, including a claim that the matter should be stayed because it was subject to mediation pursuant to the contract for sale, Appellants filed an amended complaint on November 2, 2023, adding additional defendants and voluntarily withdrawing their claim for specific performance. On November 14, 2023, Appellee filed a

---

[2] "'*Lis pendens* is Latin and means 'suit hanging' or 'suit pending.'" *Id.* at 530. "It applies when property is involved in a lawsuit, and functions to notify third parties that any interest that they may acquire in the property will be subject to the result of the action." *Id.*

motion to strike the *lis pendens*. Appellants opposed the motion to strike, arguing that they had an equitable interest in the property,[3] and, on December 6, 2023, filed a motion seeking attorneys' fees. On December 8, 2023, Appellants filed a second amended complaint, raising claims for breach of contract, unjust enrichment, and negligence, and seeking money damages and attorneys' fees.

On January 17, 2024, the trial court held a hearing on the motions. On January 31, 2024, the parties stipulated that they would stay the action—with the exception of the motion to strike the *lis pendens* and the motion for attorneys' fees and costs and any preliminary objections—until the completion of mediation.

By order entered February 29, 2024, the trial court granted Appellee's motion to strike the *lis pendens*; granted Appellee's motion for attorneys' fees; and denied Appellants' motion for attorneys' fees. That same day, Appellants filed a motion for reconsideration. On March 8, 2024, Appellants filed a third amended complaint. The court denied the motion for reconsideration on March 25, 2024.

On March 27, 2024, Appellants timely filed a notice of appeal. On April 11, 2024, the court ordered Appellants to file a Pa.R.A.P. 1925(b) statement

_____

[3] Appellants' argument regarding an equitable interest was based solely on their assertion that they had paid $205,028.00 to Appellees. (*See* Brief in Support of Response to Motion to Strike *Lis Pendens*, 12/6/23, at 4-5). Regardless, Appellants also stated that they were seeking **money damages** for these payments and other payments and costs accrued during the litigation. (*See id.*)

of errors complained of on appeal. On May 1, 2024, Appellants timely complied.

On appeal, Appellants raise the following issues for review:[4]

> A. Was it clear error of law for the [trial] court to strike the *lis pendens* when title is at issue?
>
> B. Was it clear error of law for the [trial] court to fail to have an evidentiary hearing regarding [Appellee] Lutz's motion to strike *lis pendens* and motion for attorney's fees where it failed to consider the deed?
>
> C. Was it manifestly unreasonable, an abuse of discretion or acted in an arbitrary or [capricious] manner to grant attorney's fees in favor of [Appellee] where the parties clearly dispute the facts, when [Appellee] Lutz failed to abide by the contractually binding mediation provision until April 19, 2024 and where the contract provides that [Appellants are] able to file a *lis pendens*?

_____

[4] Appellants raise an additional issue in the argument section of their brief which is not enumerated in their statement of questions presented on appeal. Appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. The Rules of Appellate Procedure further provide, in relevant part, that: "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby…." Pa.R.A.P. 2116(a). Here, Appellants raise an additional question in their argument section that is not included in the statement of questions presented: namely, that "the [trial] court committed an error of law as to procedure." (Appellants' Brief at 29-30). The substance of the argument is that Appellee was required to submit to mediation prior to filing the subject motion and preliminary objections, as provided by the agreement of sale, and that Appellee further continued with litigation of the motion even after the filing of a stipulation to stay the proceedings. Initially, Appellants have waived this issue because it is not included in the statement of questions presented or fairly suggested thereby. *See* Pa.R.A.P. 2116(a). Even if not waived, it would be meritless. The stipulation, which Appellants signed, **specifically states** that the stay does not apply to the motion to strike the *lis pendens*. (*See* Stipulation, 1/25/24). Thus, Appellants are not entitled to relief on this claim.

- 4 -

(Appellants' Brief at 10-11).[5]

In Appellants' first issue, they contend that the court erred in striking the *lis pendens* because title was at issue in this case. Appellants assert that because they had signed an agreement of sale, they became the equitable or beneficial owners of the property through the doctrine of equitable conversion. Appellants claim that they hold the subject property as tenants in common and the contracts only have a security interest in the property. Appellants further allege fraud on the part of all Appellees in this case, through the Unfair Trade Practices and Consumer Protection Law.[6] Appellants conclude that the trial court erred by failing to analyze the equitable inquiry in this case and that this Court must reinstate the *lis pendens*. We disagree.

This Court has observed:

> "*Lis pendens* is construed to be the jurisdiction, power, or control which courts acquire over property involved in a suit,

_____

[5] Before considering the merits of the appeal, we consider Appellee's July 18, 2024 motion to dismiss the appeal due to Appellants' failure to file a designation of the contents of a reproduced record or a reproduced record. **See** Pa.R.A.P. 2154(a) (stating that appellant shall, not later than 30 days before the date fixed by or pursuant to Rule 2185 for the filing and service of briefs, serve and file designation of parts of record which he or she intends to reproduce and brief statement of issues which he or she intends to present for review). Appellants ultimately filed a reproduced record on July 31, 2024. Accordingly, although Appellants did not comply with the Rules of Appellate Procedure with this late filing, we decline to dismiss the appeal on this ground.

[6] Appellants raised this claim for the first time in their third amended complaint, filed after the court's order striking the *lis pendens*, and after Appellants' motion for reconsideration. Thus, we decline to consider this claim. **See** Pa.R.A.P. 302(a) (stating general rule that issues cannot be raised for first time on appeal).

pending the continuance of the action, and until final judgment." ***Dorsch v. Jenkins***, [365 A.2d 861, 863 (Pa.Super.] 1976) (citation omitted). *Lis pendens* may be imposed when the property "is subject to litigation and that any interest acquired by the third party will be subject to the result of the litigation." ***Vintage Homes v. Levin***, [554 A.2d 989, 994 (Pa.Super.] 1989) (citing ***Psaki v. Ferrari***, [546 A.2d 1127, 1128 (Pa.Super.] 1988)).

"[T]he doctrine of *lis pendens* is based in common law and equity jurisprudence, rather than in statute, and is wholly subject to equitable principles." ***Dorsch***, [365 A.2d at 863-64] (citing ***Dice v. Bender***, 383 Pa. 94, 117 A.2d 725 (1955)). "[T]he doctrine does not establish an actual lien on the affected property." ***McCahill***, 219 A.2d at 309. "Its purpose is merely to give notice to third persons that the real estate is subject to litigation and 'that any interest which they may acquire in the real estate will be subject to the result of the action.'" ***Psaki***, 546 A.2d at 1128 (quoting ***Dice***, 117 A.2d at 727); ***see also McCahill***, 219 A.2d at 309.

If title to the property is not subject to the result of the litigation, then there is no reason to provide notice to a third party about the litigation. ***See Vintage Homes***, 554 A.2d at 994 (citing ***Psaki***, 546 A.2d at 1128). To impose *lis pendens* in such a case would prove to be an arbitrary application of the doctrine and, "equity can and should refuse to give it effect, and, under its power to remove a cloud on title can and should cancel a notice of *lis pendens* which might otherwise exist." ***Dice***, 117 A.2d at 727.

Thus, a two-part analysis emerges from the common law that the courts should apply to determine whether exerting the court's control over real property is appropriate. The first step is to ascertain whether title is at issue in the pending litigation. ***See Psaki***, 546 A.2d at 1128; ***Dorsch***, 365 A.2d at 863-64. The second step is an equitable inquiry:

> [T]he [trial] court must balance the equities to determine whether the application of the doctrine is harsh or arbitrary and whether the cancellation of the *lis pendens* would result in prejudice to the non-

petitioning party.

> [**Rosen v Rittenhouse Towers**, 482 A.2d 1113, 1116 (Pa.Super. 1984)]; **see also McCahill**, 219 A.2d at 309 (noting that the [trial] court should ordinarily ascertain "the exact nature and extent of any possible prejudice that could result from the cancellation of *lis pendens*" so that "the balancing of the equities can be more accurately resolved").

*In re Foremost Indus., Inc.*, 156 A.3d 318, 322-23 (Pa.Super. 2017) (reversing trial court's refusal to strike *lis pendens* which had been filed in case where plaintiff alleged breach of contract, fraud, and unjust enrichment; significantly, **who** owned property was not at issue). *Compare Barak v. Karolizki*, 196 A.3d 208 (Pa.Super. 2018) (reversing court's order striking *lis pendens* from judgement index because action was to quiet title; thus, **who** owned property was at direct issue).

Further:

> *Lis pendens* has no application except in cases involving the adjudication of rights in specific property. Thus, a party is not entitled to have his case indexed as *lis pendens* unless title to real estate is involved in litigation. *Lis pendens* may not be predicated upon an action seeking to recover a personal demand. When a personal demand is reduced to judgment, of course, it becomes a lien, without more, on real estate which is owned by the judgment debtor. In such event, the filing of the *lis pendens* is unnecessary.

*Psaki, supra* at 1128 (citations omitted).

Instantly, the trial court observed:

> In [**Foremost Industries, supra**,] the Superior Court reversed a trial court's refusal to strike a *lis pendens* because the plaintiff only alleged breach of contract, fraud, and unjust enrichment. Thus, who owned the property was not at issue. The court found that the plaintiff never claimed to be the "rightful owner of [the subject property,]" and did

- 7 -

not seek the return of real estate assets transferred pursuant to the contract." *Id.* at 323. Rather, [plaintiff demanded] "money damages." *Id.* at 324. In contrast, the court in [*Barak, supra*,] found that the first part of the *lis pendens* test was satisfied because the plaintiff's complaint was solely a [quiet] title action. The plaintiff sought a determination on who owned the property and claimed to be the rightful owner. Accordingly, title was plainly at issue in *Barak*.

This case is clearly more analogous to *Foremost Industries* than *Barak*. [Appellants] are not seeking title or possession of the Subject Property. They do not claim that they are the rightful owners and are not asking the court to make an ownership determination. [Appellants] admit that they are not seeking specific performance and are only seeking monetary damages. Indeed, the complaint makes clear, as in *Foremost Industries*, that the causes of action alleged by [Appellants] are breach of contract and unjust enrichment. Thus, the first part of the *lis pendens* test is not satisfied in this case and [the court] need not proceed to the second part of the test.

(Trial Court Opinion, 2/29/24, at 5) (some internal citations omitted).

We agree with the trial court's conclusions and reject Appellant's arguments regarding its equitable interest in the property: as noted above, a *lis pendens* serves **solely** to give notice to third parties and does not, itself, establish a lien on the property until the demand is reduced to a judgment. *See Psaki, supra*. The record makes clear that Appellants seek only money damages, and that there is no question regarding the title owner of the property. Thus, the trial court properly decided that the first prong of the relevant *lis pendens* analysis was not met, and appropriately granted Appellee's motion to strike the *lis pendens*. *See Foremost Industries, supra*. Appellants are not entitled to relief on this issue.

In Appellants' second issue, they claim that the court erred in failing to hold an evidentiary hearing on the motion to strike the *lis pendens*.[7] According to Appellants, the court could not have reasonably come to its decision without an evidentiary hearing. Appellants emphasize that the court failed to reference the deed in its memorandum opinion, and that Appellee failed to provide witnesses to support his claim that title was not at issue in the case. Appellants conclude that this Court must vacate and remand for further proceedings including an evidentiary hearing. We disagree.

Initially, we reiterate that appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. Regarding the argument section of the brief, Rule 2119(a) provides:

> **Rule 2119.  Argument**
>
> **(a) General rule.**—The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Importantly, where an appellant fails to properly raise or develop issues on appeal, or where an appellate brief is wholly inadequate to present specific issues for review, a court will not consider the merits of the claims raised on appeal. **Butler v. Illes**, 747 A.2d 943 (Pa.Super. 2000) (holding appellant waived claim where she failed to set forth adequate

---

[7] We note that the hearing was limited to oral argument.

argument concerning her claim on appeal; appellant's argument lacked meaningful substance and consisted of mere conclusory statements; appellant failed to cogently explain or even tenuously assert why trial court abused its discretion or made error of law). ***See also Lackner v. Glosser***, 892 A.2d 21 (Pa.Super 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived; arguments not appropriately developed include those where party has failed to cite relevant authority in support of contention).

Instantly, Appellants have provided **no** citation to any legal authority to support their claim that they were entitled to an evidentiary hearing as opposed to the oral argument they attended. Thus, Appellants' second issue is waived on this ground. ***See id.*** Moreover, Appellants would not be entitled to relief on this issue in any event. Appellants' own complaint, which they have amended three times over the course of this litigation, supports the contention that title is not at issue, and that they seek only money damages as opposed to specific performance, or any quieting of title. There is nothing about Appellants' claim concerning the *lis pendens* that would require an evidentiary hearing where it may be decided solely based on interpretation of the pleadings and applicable law. Appellants are not entitled to relief.

In their final issue, Appellants contend that the trial court erroneously awarded attorneys' fees in favor of Appellee and against Appellants. Appellants argue that because their sales contract states that "legal proceedings may be initiated prior to the completion of the mediation process

- 10 -

to stop any statute of limitations from expiring and for the purpose of indexing a *lis pendens* by Buyer to prevent the transfer of title to a third party when Buyer is seeking to purchase the Property," they were entitled to continue the pursuit of the *lis pendens*. (**See** Second Amended Compl., 12/6/23, at Ex. A). Appellants submit that this contract provision supports the notion that they are entitled to attorneys' fees, not Appellee. We disagree.

We review an award of counsel fees for abuse of discretion. **Berg v. Georgetown Builders, Inc.**, 822 A.2d 810, 816 (Pa.Super. 2003).

> The trial court has great latitude and discretion with respect to an award of attorneys' fees pursuant to a statute…. If there is support in the record for the trial court's findings of fact that the conduct of the party was obdurate, vexatious or in bad faith, we will not disturb the trial court's decision.
>
> [I]t is the burden of the party seeking counsel fees to prove the existence of one of the statutory conditions. Moreover, we note that it is not the intent of Section 2503 to punish all those who initiate actions which ultimately fail, as such a course of action would have a chilling effect upon the right to raise a claim. Rather, the aim of the rule [permitting the recovery of counsel fees] is to sanction those who knowingly raise, in bad faith, frivolous claims which have no reasonable possibility of success, for the purpose of harassing, obstructing or delaying the opposing party.

**In re Estate of Simpson**, 305 A.3d 176, 186 (Pa.Super. 2023) (internal citations and quotations omitted).

The Judicial Code provides, in relevant part:

**§ 2503. Right of participants to receive counsel fees**

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

* * *

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

42 Pa.C.S.A. § 2503(7). Such awards "represent an attempt to curtail the filing of lawsuits which are frivolous or otherwise improper." **Miller v. Nelson**, 768 A.2d 858, 861-62 (Pa.Super. 2001) (citing **Thunberg v. Strause**, 545 Pa. 607, 616, 682 A.2d 295, 300 (1996)). Similarly, the "relentless pursuit of a claim which plainly lacks legal merit warrants an award of counsel fees." **Miller, supra** at 862. "A suit is vexatious if brought without legal or factual grounds and if the action served the sole purpose of causing annoyance." **Id.**

Instantly, the trial court observed:

In this case, [Appellants] have attempted to justify the *lis pendens* they attached to the Subject Property. However, as [the court] concluded above, this case clearly does not meet the necessary criteria for a proper *lis pendens*. [Appellants'] refusal to drop the *lis pendens* in the face of clearly contravening law for the purpose of preventing [Appellee] Lutz from selling the Subject Property, in this [c]ourt's opinion, is vexatious and falls within the conduct proscribed under 42 Pa.C.S.A. § 2503(7). [Appellants] could not have reasonably believed that the courts of this Commonwealth would be persuaded to change well-settled law and [Appellee] Lutz's motion to strike the *lis pendens* should not have been necessary.

(Trial Court Opinion at 6). On this record, we cannot say that the trial court abused its discretion in awarding attorneys' fees to Appellee. **See Berg, supra**. Although Appellants rely on the contractual language provided above, that language is inapplicable under the facts before us, where Appellants **did not seek to prevent the transfer of title**, but sought money damages

- 12 -

instead. Thus, the law makes clear that Appellants are not entitled to a *lis pendens* in this case.

Finally, in this Court, Appellee has filed a request for further attorneys' fees related to the litigation of this appeal. The Rules of Appellate Procedure provide:

> **Rule 2744. Further Costs. Counsel Fees. Damages for Delay**
>
> In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including
>
> > (1) a reasonable counsel fee and
> >
> > (2) damages for delay at the rate of 6% per annum in addition to legal interest,
>
> if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

Pa.R.A.P. 2744.

An appeal is deemed frivolous if it lacks any basis in law or fact. **See Miller, supra**. As discussed above, Appellants' refusal, not only to remove the *lis pendens*, but their continued litigation of this matter when it unquestionably lacks legal merit, justifies the award of further counsel fees, particularly where Appellants' brief is so lacking in citation to relevant legal authority. **See id.**

Accordingly, we affirm the order granting Appellee's motion to strike the

*lis pendens* and awarding counsel fees in favor of Appellee. We grant Appellee's request for an award of counsel fees incurred in connection with this appeal, and remand the case to the trial court for calculation of reasonable fees.

Order affirmed. Case remanded for calculation of attorneys' fees. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/14/2025