J-S58010-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| PAUL N. LADROSKY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH KALBAUGH AND CHRISTINA | : | |
| A. KALBAUGH, HIS WIFE | : | |
| | : | No. 59 WDA 2018 |
| Appellants | : | |

Appeal from the Order Entered December 11, 2017
In the Court of Common Pleas of Fayette County
Civil Division at No(s):  2467 OF 2016, G.D.

BEFORE:  OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    FILED OCTOBER 15, 2018

Appellants, Keith Kalbaugh and Christina A. Kalbaugh, appeal from the December 11, 2017 order granting Paul N. Ladrosky's ("Ladrosky's") request for attorney's fees in the amount of $975.00.  We affirm.

On February 14, 2014, Ladrosky acquired agricultural land in Fayette County.  At that time, Appellants were leasing a house located on the property adjacent to this agricultural land.  Appellants had a fence and several animal living quarters located on Ladrosky's agricultural property.  In October 2015, Appellants purchased the tract of land that they were renting.  Ladrosky asked Appellants to remove the fence and animal living quarters; however, they refused.

On December 14, 2016, Ladrosky filed a complaint in ejectment seeking to eject Appellants from that portion of his land they were occupying.

Appellants failed to file preliminary objections and/or an answer. On February 24, 2017, default judgment was entered in favor of Ladrosky and against Appellants. Ladrosky filed a motion for writ of possession. A hearing on the motion was held and, on June 5, 2017, the trial court issued a writ of possession. On October 17, 2017, Ladrosky filed a motion seeking attorney's fees and costs. On December 11, 2017, after a hearing, the trial court granted Ladrosky's motion for attorney's fees and costs; however, it reduced the amount of the fee award. This timely appeal followed.[1]

Appellants present one issue for our review:

Whether [the trial court erred in granting Ladrosky's request for attorney's fees and costs]?

Appellants' Brief at 3.[2]

"Pennsylvania generally adheres to the American Rule, under which a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception." Sutch v. Roxborough Mem. Hosp., 142 A.3d

_____

[1] Appellants and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

[2] Although the statement of questions involved asserts that the trial court erred in awarding Ladrosky both attorney's fees and costs, the argument section of Appellants' brief only argues that it was error to award attorney's fees. Thus, Appellants waived their argument regarding the propriety of the award of costs. Commonwealth v. Ryan, 909 A.2d 839, 841 (Pa. Super. 2006) (failure to mention an issue or develop an argument in argument section of brief results in waiver), appeal denied, 945 A.2d 768 (Pa. 2008).

38, 69 (Pa. Super. 2016), appeal denied, 163 A.3d 399 (Pa. 2016), quoting Schnabel Assoc., Inc. v. Building and Constr. Trades Council of Phila., 487 A.2d 1327, 1338 (Pa. Super. 1985). In this case, there is no clear agreement between the parties that the victorious party is entitled to counsel fees. Instead, the trial court awarded attorney's fees to Ladrosky pursuant to 42 Pa. C.S.A. § 2503(7) which permits the award of attorney's fees as a sanction if it is shown that a party's conduct during the pendency of a matter was dilatory, obdurate, vexatious or done in bad faith. See Scalia v. Erie Ins. Exchange, 878 A.2d 114, 116 (Pa. Super. 2005). "The trial court has great latitude and discretion with respect to an award of attorneys' fees pursuant to statute." Id. In reviewing a trial court's award of counsel fees, our standard is abuse of discretion. Id. So long as there is support in the record for the trial court's findings of fact that the conduct of the party was obdurate, vexatious or done in bad faith, we will not disturb the trial court's decision. Id. We note, however, that "[s]ection 2503(7) applies to the conduct of a party in commencing a proceeding or conduct during the pendency of an action. Section 2503(7) … does not cover pre-litigation conduct of the parties." Sternlicht v. Sternlicht, 822 A.2d 732, 741 (Pa. Super. 2003), affirmed, 876 A.2d 904 (Pa. 2005) (internal citations omitted).

In this case, the trial court found that Appellants acted with the intent to cause delay; i.e. their actions were "'dilatory' in nature." Trial Court Opinion, 2/27/18, at 2. Thus, the conduct of Appellants was obdurate.

- 3 -

Scalia, 878 A.2d at 116 ("Obdurate is defined, inter alia, as 'unyielding; stubborn.'"). We turn to the record to determine whether the evidence supports the trial court's finding of obdurate conduct.

At the hearing on Ladrosky's motion for fees and costs, Ladrosky testified that he obtained a survey of his agricultural property at which time he learned that Appellants were encroaching upon his land. N.T., 12/8/17, at 3. Upon receipt of the survey, Ladrosky verbally told Appellants of the encroachment at least four times.[3] He also served them via certified mail with a cease and desist letter. Id. at 4, 5. When Appellants failed to correct the situation, Ladrosky obtained counsel who sent several letters to Appellants and spoke by telephone with Appellant, Keith Kalbaugh. Id. at 6-7, 15. Still nothing was done causing Ladrosky to file a complaint in ejectment. Id. at 7. Appellants never filed a response to the complaint in ejectment resulting in a default judgment. Id. at 10. Appellants still failed to remove their fence and animal pens from Ladrosky's property causing Ladrosky to file a motion for writ of possession. Following a hearing and the granting of a writ of possession, Appellants removed part of their structures from Ladrosky's property. Id. at 7. However, Ladrosky had to go once again to Appellants and insist that they remove the fencing which Appellants had failed to remove.

_____

[3] Ladrosky testified that he spoke with Appellants four times. N.T., 12/8/17 at 4. Appellant, Keith Kalbaugh, testified that Ladrosky spoke with him about the situation more than four times. Id. at 14.

Id.  Based upon these facts, the trial court found that Appellants acted in a dilatory and obdurate manner.  We do not believe that the trial court abused its discretion in making this finding.

As previously noted, section 2503(7) permits an award of attorney's fees for obdurate conduct during the pendency of an action.  Sternlicht, supra.  Pre-litigation conduct cannot serve as a basis for such an award.  Id. In this case, the trial court considered, in part, the pre-litigation actions of Appellants in making its determination.  Specifically, the trial court noted the numerous letters and verbal communications which Appellants ignored thereby necessitating the filing of a complaint in ejectment.  Trial Court Opinion, 2/27/18, at 1-2.  The trial court erred in considering this evidence. However, other evidence of obdurate conduct during the pendency of the matter once the complaint in ejectment was filed supported the trial court's decision.   Specifically, Appellants failed to respond to the complaint in ejectment, failed to remove all items from Ladrosky's property once default judgment was entered, and initially failed to remove all items following the issuance of a writ of possession.  Based upon the record before us, and given our standard of review requiring great deference to the trial court, we conclude that the trial court did not abuse its discretion in determining that Appellants

were dilatory and obdurate throughout the proceedings in this matter and in awarding attorney's fees to Ladrosky in the amount of $975.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/15/2018

_____

[4] The trial court expressly found that, although Appellants were dilatory, they were not vexatious.  N.T., 12/8/17, at 22.  Thus, the trial court did not award the total amount of attorney's fees sought by Ladrosky ($1,950.00).  Id. Instead, an award for one-half of the amount sought was entered.  Trial Court Opinion, 2/27/18, at 2.