J-S49003-20

2021 PA Super 32

| | | |
|---|---|---|
| CHASE PELISSERO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIANA SERALY AND STACEY | : | |
| PELISSERO | : | |
| | : | No. 588 WDA 2020 |
| | : | |
| APPEAL OF: PETER J. DALEY, II | : | |

Appeal from the Order Entered May 6, 2020
In the Court of Common Pleas of Washington County Civil Division at
No(s):  2018-2483

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

OPINION BY OLSON, J.:                    **FILED:  March 2, 2021**

Appellant, Peter J. Daley, II, Esquire, appeals from an order entered on May 6, 2020 that imposed sanctions against him for his failure to appear at a scheduled custody hearing.  We affirm.

Our review of the certified record and the submissions of the parties reveals the following facts and procedural history.  Chase Pelissero (Father) and Briana Seraly (Mother) are the biological parents of B.S.  Stacey Pelissero (Grandmother) is the paternal grandmother of B.S.  On May 29, 2018, Father filed a complaint in custody seeking expansion of his visitation rights. Thereafter, on January 9, 2019, the court granted a petition to intervene filed by Grandmother.  Appellant entered an appearance in the custody action as counsel for Mother.  Neil J. Marcus, Esquire (Attorney Marcus) entered an

---

[*] Former Justice specially assigned to the Superior Court.

appearance on behalf of Father and Leigh Lyons, Esquire (Attorney Lyons) served as counsel for Grandmother.[1]

On September 25, 2019, Child Custody Conference Officer (CCCO) Amanda C. Fisher, Esquire scheduled a custody hearing set for March 9, 2020. As the hearing date approached, CCCO Fisher, on March 2, 2020, circulated an electronic mail message (email) to all counsel stating her awareness of pending criminal charges against Father and asking counsel if they wished to proceed on the scheduled date. Attorney Marcus responded to CCCO Fisher by email on March 2nd, confirming that he wished to proceed with the hearing as his client was seeking to increase his visitation time with B.S.[2] Attorney Lyons did not respond to CCCO Fisher's March 2nd email. Appellant, through his staff, responded *via* email on March 4th to CCCO Fisher's inquiry. In his response, Appellant objected to the March 9th hearing due to the unresolved criminal charges still pending against Father. Subsequently, CCCO Fisher advised all counsel by email on March 4th that the March 9th hearing would proceed as scheduled.

Appellant did not file a motion to continue the March 9th hearing. Instead, on March 4, 2020, Appellant claims he instructed a staff member to

---

[1] Jessica Roberts, Esquire (Attorney Roberts) initially represented Grandmother in the custody action. On April 30, 2020, Attorney Lyons entered her appearance on behalf of Grandmother and Attorney Roberts withdrew as counsel for Grandmother on May 11, 2020.

[2] Attorney Marcus did not copy Attorney Lyons or Appellant on his March 2nd email to CCCO Fisher.

contact the Washington County custody office to advise that a scheduling conflict would prevent Appellant from appearing at the March 9th hearing. *See* Answer to Motion for Sanctions, 4/22/20, at 4 para. 23 (not paginated). At the direction of the custody office, Appellant's staff then unsuccessfully attempted to contact CCCO Fisher about the conflict. *See id***.** In addition, also on March 4th, Appellant circulated (but did not file) a motion to withdraw as counsel for Mother, which he planned to present on March 11th, two days after the scheduled custody hearing before CCCO Fisher. Presumably, the basis of the motion was Mother's lack of payment and lack of cooperation. *See* N.T. Sanctions Hearing, 5/1/20, at 13. In a telephone conversation on March 7, 2020, Appellant told Mother that he would not attend the March 9th hearing because of a scheduling conflict and instructed her to object to Father's request for more custodial time with B.S. due to the pendency of his criminal charges.[3] *See* Answer to Motion for Sanctions, 4/22/20, at 3 para. 21 (not paginated).

On March 9, 2020, all parties and all counsel, except Appellant, appeared for the custody hearing before CCCO Fisher. Appellant, at that time, attended another proceeding in a different county. In view of Appellant's absence, CCCO Fisher declined to proceed with the hearing, given the

---

[3] According to Attorney Marcus, Mother advised CCCO Fisher at the March 9th custody hearing that she needed a continuance because her attorney was not present. *See* N.T. Sanctions Hearing, 5/1/20, at 16.

- 3 -

potential for unfairness to Mother in participating without the benefit of counsel.

Attorney Lyons notified Appellant that she intended to present a motion seeking sanctions for his failure to appear at the March 9th custody hearing at the same time Appellant presented his motion to withdraw. On March 11, 2020, both attorneys appeared before the court but Appellant, without advance notice to other counsel, advised that he did not intend to go forward with his motion to withdraw. Notwithstanding, Attorney Lyons informed the court that she intended to present her motion for sanctions. Accordingly, the court scheduled a hearing for May 1, 2020.[4]

At the hearing, Attorney Lyons and Attorney Marcus explained to the court how their respective clients were inconvenienced by and incurred unnecessary expenses and legal fees due to Appellant's failure to appear at the custody hearing.[5] Attorney Lyons stated that her client, Grandmother,

---

[4] The May 1, 2020 hearing was conducted by telephone because of the COVID-19 pandemic.

[5] Appellant did not object to the procedural format of the proceedings in which he, Attorney Lyons, and Attorney Marcus each presented their respective positions orally before the court. In particular, Appellant did not object to Attorney Marcus joining the motion filed by Attorney Lyons. *See* N.T. Sanctions Hearing, 5/1/20, at 3. Moreover, Appellant did not ask that counsel be sworn in before presenting their positions, did not complain of procedural irregularities during the hearing, did not ask for additional time to supplement his argument with additional responses, and did not request the filing of additional pleadings. The following exchange confirms Appellant's amenability to the format of the proceedings conducted before the trial court:

- 4 -

incurred approximately $1,900.00 in unnecessary expenses, which included airfare from Georgia to attend the hearing and legal expenses for attorney preparation and attendance in various court proceedings. **See** N.T. Sanctions Hearing, 5/1/20, at 7. Attorney Marcus stated that his client, Father, incurred $500.00 in unnecessary legal fees associated with attorney preparation for and attendance at the March 9th hearing. **See id.** at 8. On May 6, 2020, the court ordered Appellant to pay $1050.64 to Attorney Lyons for Grandmother's unnecessary expenditures and to pay $250.00 to Attorney Marcus for expenses incurred by Father. **See** Trial Court Order, 5/6/20. Appellant filed a timely notice of appeal on June 1, 2020 and both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following four issues for our consideration:[6]

---

THE COURT: [Appellant], I mean, you're kind of - this is – you're kind of on the defensive on this one. How are you – is that okay to proceed with just attorney argument and just put it in my hands[?]

[APPELLANT]: Yeah.

THE COURT: Okay.

[APPELLANT]: Yeah, That's fine with me.

THE COURT: Okay.

**Id.**

[6] Appellant's statement of questions involved lists seven issues, but Appellant does not develop three of those claims in the argument section of his brief. Because Appellant has abandoned these issues, we have listed and discussed

- 5 -

Did the [trial c]ourt abuse its discretion and err as a matter of law by issuing an order granting a [m]tion for [s]anctions without specificity by not setting forth specific reasons for its decision?

Did the [trial c]ourt abuse its discretion or err as a matter of law by not complying with the standard operating procedures of [the trial court judge], a direct misapplication of [Wash. County] L.R.C.P. 208.3(a)(c)?

Did the [trial c]ourt abuse its discretion or err as a matter of law by not swearing participants, including Attorney Marcus and [Appellant] who would be orally testifying on May 1, 2020, a direct misapplication of 42 P[a].C.S.A. § 5901(a) and [Pa.R.E.] 603?

Did the [trial c]ourt abuse its discretion or err as a matter of law by its failure to credit sufficient evidence offered by [Appellant]?

Appellant's Brief at 5-6.

Appellant challenges an order imposing sanctions, including attorneys' fees, based upon his conduct before the trial court. We apply the following principles in assessing such claims.

Section 2503(7) of the Judicial Code provides that a participant in a legal proceeding may be awarded counsel fees "as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter." 42 Pa.C.S.A. § 2503(7).

Our ability to review the grant of attorney[s'] fees is limited, and we will reverse only upon a showing of plain error." *Diament v. Diament*, 816 A.2d 256, 270 (Pa. Super. 2003) (citation omitted). "Plain error is found where the decision is based on factual findings with no support in the eviden[ce] or legal factors other than those that are relevant to such an award." *Id.*

---

only the claims Appellant has addressed in the argument section of his brief. We will neither list nor address the claims abandoned by Appellant.

*Sirio v. Sirio*, 951 A.2d 1188, 1198–1199 (Pa. Super. 2008).

> The trial court has great latitude and discretion with respect to an award of attorneys' fees pursuant to a statute. *Cummins v. Atlas R.R. Construction Co.*, 814 A.2d 742, 746 (Pa. Super. 2002). In reviewing a trial court's award of attorneys' fees, our standard is abuse of discretion. *Lucchino v. Commonwealth*, 809 A.2d 264, 269–70 (Pa. 2002); *Miller v. Nelson*, 768 A.2d 858, 861 (Pa. Super. 2001). If there is support in the record for the trial court's findings of fact that the conduct of the party was obdurate, vexatious or in bad faith, we will not disturb the trial court's decision.

*In re Padezanin*, 937 A.2d 475, 483–484 (Pa. Super. 2007), *quoting Scalia v. Erie Ins. Exchange*, 878 A.2d 114, 116 (Pa. Super. 2005) (citation omitted).

In his opening issue, Appellant argues that the trial court erred or abused its discretion in finding that Appellant waived his claim asserting that the court failed to explain with specificity the factual basis for its conclusion that Appellant's conduct warranted sanctions. This claim merits no relief. Initially, we note that Appellant's claim does not challenge the substance of the trial court's ruling, only its finding of waiver. In addition, the record confirms that the trial court explained, in the alternative, that it imposed sanctions as a result of Appellant's actions surrounding the March 9, 2020 hearing, as established at the May 1, 2020 sanctions hearing. Trial Court Opinion, 7/23/20, at 5. At that hearing, Attorneys Lyons and Marcus advised the court that Appellant failed to appear at a scheduled custody hearing, that he did so without formally seeking a continuance, and that his failure to appear caused their respective clients to incur unnecessary expenditures. Because

the trial court addressed the substance of Appellant's claim, we perceive no grounds for finding an error or abuse of discretion on the part of the trial court.

In his second and third issues, Appellant argues that the trial court erred or abused its discretion in failing to follow local rules of court and in permitting Attorney Marcus to join a pending motion for sanctions without previously filing a formal sanctions request of his own. We find that Appellant waived these claims. As we explained above, Appellant, at the May 1st sanctions hearing, agreed to allow Attorney Marcus to join the request for sanctions filed by Attorney Lyons and further agreed to an informal proceeding in which counsel of record simply made their respective arguments through oral presentations. Before the court, Appellant did not register any objections to the procedural format of the proceedings. Appellant cannot raise these contentions for the first time on appeal. *See* Pa.R.A.P. 302(a).

Appellant's final claim asserts that the record lacks sufficient evidentiary support for the imposition of sanctions. Here, Appellant reasons that the court erred in altering the burden of proof and in relying upon the testimony of Attorney Lyons and Attorney Marcus, who failed to demonstrate that Appellant's conduct warranted sanctions. We disagree. The May 1st sanctions hearing generated compelling and undisputed evidence that Appellant's dilatory and unprofessional conduct caused other participants in the custody litigation to incur unnecessary expenses and, thus, called for the imposition of

sanctions. Because the trial court acted well-within its discretion and in conformity with the law in imposing sanctions against Appellant, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/2/2021