J-A29011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BARBARA LITTLE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICK BUCK | : | No. 582 WDA 2023 |

Appeal from the Order Entered April 21, 2023
In the Court of Common Pleas of Blair County Civil Division at No(s):  No
2021 GN 2885

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY BOWES, J.:                **FILED: April 4, 2024**

Barbara Little appeals from the April 21, 2023 order granting Patrick Buck's petition for attorney's fees following the trial court's dismissal of Ms. Little's complaint against Mr. Buck for an alleged violation of the Wiretapping and Electronic Surveillance Act ("Wiretap Act").  Upon review, we affirm.

We glean the following from the certified record.  This matter stems from an incident that occurred on July 5, 2021, in the neighborhood where both Ms. Little and Mr. Buck reside, that was but one part of a larger, ongoing dispute between Ms. Little and her neighbors, including Mr. Buck.  Throughout that particular day and evening, Ms. Little repeatedly banged a metal pot with a metal spoon while in her front yard.  Various neighbors called the police to complain about the noise, and Mr. Buck recorded the cacophonic sounds created by Ms. Little's incessant banging.  That recording did not capture any oral communications.

Based on her conduct, Ms. Little was charged with two summary counts each of disorderly conduct and harassment. She proceeded to a hearing before a Magisterial District Judge ("MDJ"), where Mr. Buck's video recording was presented as evidence. After being found guilty by the MDJ, Ms. Little appealed to the Court of Common Pleas and was convicted of two counts of disorderly conduct following a *de novo* hearing. On appeal to this Court, we affirmed her judgment of sentence.

Meanwhile, one week after Ms. Little appealed her summary convictions to the Court of Common Pleas, she also filed the instant civil suit against Mr. Buck, alleging violations of the Wiretap Act based upon his recording of her on July 5, 2021.[1] She sought reimbursement of attorney's fees and punitive damages due to the "ongoing dispute with her neighbors" because "they have, on more than one occasion, violated the Wiretap Act by illegally taping her when she is in her yard/driveway." Complaint, 9/9/21, at ¶ 12.

Mr. Buck filed an answer and new matter, asserting that the complaint failed to state a claim upon which relief could be granted. Specifically, he averred that Ms. Little had no expectation of privacy protectable by the Wiretap Act because her conduct had been designed to attract the attention

---

[1] Our Supreme Court has explained that "the Wiretap Act prohibits the interception, disclosure or use of any wire, electronic[,] or oral communication." **Commonwealth v. Mason**, 247 A.3d 1070, 1080 (Pa. 2021) (cleaned up). In order "to establish a violation of the Wiretap Act, the claimant carries the burden to demonstrate, *inter alia*, that she possessed an expectation that the communication would not be intercepted and that her expectation was justifiable under the circumstances." **Id**. at 1081 (cleaned up).

of and annoy her neighbors. Therefore, he asked the court to dismiss the complaint with prejudice. Ms. Little did not respond to the new matter.

The court directed the parties to participate in mediation before scheduling the matter for trial. One business day before the scheduled mediation session, Ms. Little's attorney notified the mediator that she refused to participate. As a result, the court again ordered the parties to engage in mediation before it would list the matter for trial. Prior to the scheduled mediation conference, Mr. Buck moved for judgment on the pleadings and summary judgment. Ms. Little filed no reply, and the court held the motions in abeyance to allow mediation to proceed. Ms. Little attended the mediation conference held on November 18, 2022, during which the parties reached an agreement. However, she subsequently changed her mind and rejected the settlement. After mediation failed this second time, the court considered Mr. Buck's motions and, concluding that the pleadings failed to set forth a cause of action for a violation of the Wiretap Act and that Ms. Little did not have a reasonable expectation of privacy during the July 5, 2021 incident, granted the motions and dismissed Ms. Little's complaint. *See* Opinion and Order, 2/10/23, at 8, 10-11.

Next, Mr. Buck filed the underlying petition for attorney's fees, along with an itemized list of the fees incurred to defend the Wiretap Act lawsuit. Ms. Little filed a response in opposition. She did not challenge the reasonableness of the fees requested, but instead argued that an award of attorney's fees was not merited because she did not act maliciously in filing

the complaint against Mr. Buck. After hearing oral argument and taking the matter under advisement, the court determined that attorney's fees were appropriate pursuant to 42 Pa.C.S. § 2503(7) and (9) because Ms. Little's filing of the civil action was frivolous and vexatious, and her "conduct during the litigation was dilatory, vexatious[,] and obdurate." Trial Court Opinion, 4/21/23, at 7.

This timely appeal followed. The trial court ordered Ms. Little to file a concise statement of errors complained of on appeal, and she complied. In lieu of a substantive Pa.R.A.P. 1925(a) opinion, the trial court referred us to its April 21, 2023 opinion disposing of the petition for attorney's fees. In this Court, Ms. Little raises a single issue: "Did the trial court abuse its discretion in determining that the award of reasonable counsel fees was supported by the record in the instant matter in § 2503 Title 42?" Ms. Little's brief at 4.

Since trial courts are granted wide latitude in deciding whether to award attorney's fees pursuant to § 2503, we review an award of such fees for an abuse of discretion. *See Thunberg v. Strause*, 682 A.2d 295, 299 (Pa. 1996); *Scalia v. Erie Ins. Exch.*, 878 A.2d 114, 116 (Pa.Super. 2005). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused." *In re Doyle*, 304 A.3d 1091, 1115–16 (Pa. 2023) (cleaned up). In conducting our review, "[i]f the record supports a trial court's finding of fact that a litigant violated

- 4 -

the conduct provisions of the relevant statute providing for the award of attorney's fees, such award should not be disturbed on appeal." ***Thunberg***, 682 A.2d at 299 (citation omitted).

Here, the trial court awarded attorney's fees based upon § 2503(7) and (9), which provide as follows:

> The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
>
> . . . .
>
> (7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.
>
> . . . .
>
> (9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

42 Pa.C.S. § 2503. "The trial court must make specific findings of the proscribed conduct to award attorney's fees." ***Scalia***, 878 A.2d at 116 (punctuation altered).

Both subsections involve vexatious conduct. We have "upheld findings of vexatious conduct based on a continuing pattern which demonstrated that the litigation had no purpose but annoyance and where the party was clearly aware that his pleading lacked any legal basis and yet pursued his claim regardless." ***In re Est. of Simpson***, 305 A.3d 176, 187 (Pa.Super. 2023) (cleaned up). When a trial court determines that a litigant has filed a suit vexatiously, it "must have also made a specific finding that the suit was

brought with the sole purpose of causing annoyance, and articulated its reasoning for this conclusion." *In re Doyle*, 304 A.3d at 1116 (cleaned up). Contrarily, "we have determined that sanctions were not warranted where the plaintiff's claims were not wholly without merit, where the plaintiff reasonably believed that he had a valid claim, and absent evidence that the plaintiff acted in bad faith." *In re Est. of Simpson*, 305 A.3d at 188 (cleaned up).

With particular regard to § 2503(7), we have defined "obdurate" conduct as that which "stubbornly persists in a course of wrongdoing during . . . litigation[,]" while conduct is "dilatory" when "the record demonstrates that counsel displayed a lack of diligence that delayed proceedings unnecessarily and caused additional legal work." *In re Doyle*, 304 A.3d at 1116 (cleaned up).

As for § 2503(9), we have explained:

> An opponent's conduct has been deemed to be "arbitrary" within the meaning of the statute if such conduct is based on random or convenient selection or choice rather than on reason or nature. A[s already noted, a]n opponent also can be deemed to have brought suit "vexatiously" if he filed the suit without sufficient grounds in either law or in fact and if the suit served the sole purpose of causing annoyance. Finally, an opponent can be charged with filing a lawsuit in "bad faith" if he filed the suit for purposes of fraud, dishonesty, or corruption.

*Thunberg*, 682 A.2d at 299 (cleaned up).

Ms. Little argues that the trial court erred in awarding attorney's fees because her actions were "not vexatious, obdurate, or in bad faith." Ms. Little's brief at 15. The trial court found two bases for awarding attorney's

fees.  First, it deemed Ms. Little's initial refusal to participate in mediation, rejection of the settlement, and lack of response to Mr. Buck's new matter and motions for summary judgment and judgment on the pleadings as demonstrative of dilatory and obdurate conduct under § 2503(7).  Second, it determined that the suit was frivolous and vexatious pursuant to § 2503(9).  Since the "undisputed facts of this case could never be reasonably expected to support the cause of action set forth in the complaint[,]" the court found that Ms. Little's attorney "either filed this civil lawsuit at [her] request with the knowledge that it was without legal substance, or in disregard of an obligation to determine whether the lawsuit might have merit before carrying out the client's instructions to initiate litigation."  Trial Court Opinion, 4/21/23, at 4 (unnecessary capitalization omitted).  The court explained its reasoning further, as follows:

> This supports a finding of conduct that is vexatious and in bad faith because the filing of a lawsuit that lacks any legal foundation serves only to harass and inconvenience the party who must defend the lawsuit.  Based on the long-standing animosity between Ms. Little and her neighbors, th[e trial] court finds it more likely than not that retaliation was the motivating factor for Ms. Little to file suit.  This conclusion is further supported by paragraph 12 of the complaint in which punitive damages are requested "**as this is an ongoing dispute with her neighbors, and they have on more than one occasion violated the Wiretap Act by illegally taping her while she was in her yard/driveway.**"

> The summary convictions against Ms. Little were appealed to [the Court of Common Pleas] on September 2, 2021.  The instant civil suit was initiated on September 9, 2021.  It is reasonable to presume that Ms. Little was angry about the charges and wanted to retaliate.  The court finds this lawsuit is frivolous, legally

unreasonable, without foundation and brought for an improper purpose which was a continuation of the ongoing harassment of her neighbors.

Trial Court Opinion, 4/21/23, at 4-5 (emphasis in original, unnecessary capitalization omitted).

Upon review of the certified record, we discern no abuse of discretion on the part of the trial court. The record fully supports its findings that Ms. Little's filing of a suit premised upon a violation of the Wiretap Act was vexatious. It is plain that the Wiretap Act claim had no merit, and yet she continued to pursue the litigation, which only served to exacerbate the ongoing neighbor dispute. *See Scalia*, 878 A.2d at 118 (characterizing the Scalias' conduct as vexatious where they "knew that they had no legal or factual grounds on which to base their suit and the only result of the suit was annoyance"). Moreover, her conduct in litigating the suit was dilatory as she neglected to file responses or comply meaningfully with the court's orders to engage in mediation. *See Morgan*, 193 A.3d at 1007 n.3 ("Conduct is 'dilatory' where the record demonstrates that counsel displayed a lack of diligence that delayed proceedings unnecessarily and caused additional legal work." (cleaned up)). Thus, the court did not err in concluding that reasonable attorney's fees were warranted pursuant to § 2503(7) and (9). Ms. Little does not otherwise attack the reasonableness of the fees awarded. Accordingly, we affirm the trial court's order granting Mr. Buck's request for attorney's fees.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

4/4/2024